IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WESTFIELD INSURANCE CO., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Court No. 23-cv-2997 |
| ) | |
| CURWICK CONSTRUCTION COMPANY; ) | |
| an Illinois corporation; CURWICK IX, LLC; ) | |
| and MARY DODGE-ROAT, ) | |
| ) | |
| Defendants. ) | |

COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Westfield Insurance Company, ("Westfield"), by its attorneys, Esp Kreuzer Cores LLP, for its Complaint for Declaratory Judgment against Defendants Curwick Construction Company, an Illinois corporation, ("Curwick Construction"); Curwick IX, LLC, ("Curwick IX"); and Mary Dodge-Roat, states:

I. THE PARTIES

1.  Westfield is an Ohio corporation, with its principal place of business in Westfield Center, Ohio. At all times relevant herein, Westfield was authorized to issue policies of insurance in the State of Illinois and issued a certain policy to its named insured, Curwick Holdings, LLC.

2.  Curwick Construction is an Illinois Corporation with its principal place of business in Manteno, Kankakee County, Illinois.

3.  Curwick IX is an Illinois limited liability company created to hold legal title to certain real property located at various places within the Eagles Landing Subdivision, in Manteno, Kankakee County, Illinois, at various times. Upon information and belief, Gerald L. Curwick is the sole principal and/or owner of Curwick IX. Upon information and belief, Gerald

L. Curwick is a resident of Manento, Kankakee County, Illinois.

4. Mary Dodge-Roat is the plaintiff in the underlying lawsuit and is a resident of Tinley Park, Cook County, Illinois.

## II. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a) because this action is between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Specifically, Westfield is a citizen of the State of Ohio. Upon information and belief, Curwick Construction is a citizen of the State of Illinois. Upon information and belief, Curwick IX is a citizen of the State of Illinois. Upon information and belief, Mary Dodge-Road is a citizen of the State of Illinois.

6. Venue of this action in the Northern District of Illinois is proper pursuant to 28 U.S.C. §1391(a), (b), and (c), because the underlying lawsuit is pending in Cook County, Illinois.

## III. THE UNDERLYING LAWSUIT

7. On April 26, 2019, Dodge-Roat filed an underlying complaint ageainst Curwick Construction and Curwick IX, titled *Mary Dodge-Roat v. Curwick Construction Company*, 2019 L 004501 (Cook County, IL), seeking to recover for bodily injury sustained on January 16, 2019, on the Eagles Landing construction project, in Manteo, Illinois, while performing work for her direct-employer Commonwealth Edison. Westfield contemporaneously files a copy of the underlying complaint as (Dkt. 1-2 at 1-3¶¶1-5).

8. The underlying complaint alleges that Dodge-Roat encountered an uncovered trench/hole while walking on the premises and injured herself. (Dkt. 1-2 at ¶8).

9. The underlying complaint alleges that Curwick Construction, by and through its agents, servants, or employees, was the party that retained control over the work on the

construction project. (Dkt. 1-2 at 2-3¶¶4-5).

10. The complaint further alleges that Curwick Construction was the party that occupied, possessed, and controlled the premises. (Dkt. 1-2 at 5-6¶¶4-5).

11. The complaint alleges that Curwick Construction negligently: a) created the trench/hole; b) failed to cover the trench/hole; c) failed to guard or barricade the trench/hole; d) failed to provide a safe pathway; e) failed to warn; f) failed to properly train; g) failed to have adequate safety policies; h) failed to adequately pre-plan; and failed to have adequate job site safety rules. (Dkt. 1-2 at 3¶8, 6-7¶8).

12. The underlying complaint alleges that Curwick IX was the owner of the premises. (Dkt. 1-2 at 1¶1, 5¶1).

13. The underlying complaint alleges that Curwick IX, by and through its agents, servants, or employees, was the party that retained control over the work on the construction project. (Dkt. 1-2 at 2-3¶4-5).

14. The complaint further alleges that Curwick IX was the party that occupied, possessed, and controlled the premises. (Dkt. 1-2 at 5-6¶¶4-5).

15. The complaint alleges that Curwick IX negligently: a) created the trench/hole; b) failed to cover the trench/hole; c) failed to guard or barricade the trench/hole; d) failed to provide a safe pathway; e) failed to warn; f) failed to properly train; g) failed to have adequate safety policies; h) failed to adequately pre-plan; and failed to have adequate job site safety rules. (Dkt. 1-2 at 3¶8, 6-7¶8).

16. Prior to July 3, 2019, Grinnell Mutual Reinsurance Company issued a liability policy that provides protection to Curwick Construction and Curwick IX against the *Dodge-Roat* lawsuit up to the policy limits.

17. Prior to July 3, 2019, Grinnell Mutual Reinsurance Company created claim file IL00075690 for defending Curwick Construction and Curwick IX against the *Dodge-Roat* lawsuit.

18. Prior to July 3, 2019, Grinnell Mutual Reinsurance Company retained Heyl, Royster, Voelker & Allen, P.C. to defend Curwick Construction and Curwick IX against the *Dodge-Roat* lawsuit.

19. On July 3, 2019, Heyl, Royster, Voelker & Allen, P.C., filed its appearance for Curwick Construction and Curwick IX in the *Dodge-Roat* lawsuit.

20. On October 28, 2019, Curwick Construction and Curwick IX, by and through their attorneys Heyl, Royster, Voelker & Allen, P.C., filed their answers to the underlying complaint.

21. On February 18, 2020, Dodge-Roat filed an underlying amended complaint adding Bodie Electric, Inc. and MG2A, LLC as defendants. Westfield contemporaneously files a copy of the underlying amended complaint as (Dkt. 1-3).

22. The factual allegations against Curwick Construction in the underlying amended complaint mirror the allegations against Curwick Construction in the original underlying complaint. (Dkt. 1-3).

23. The factual allegations against Curwick IX in the underlying amended complaint mirror the allegations against Curwick IX in the original underlying complaint. (Dkt. 1-3).

24. On June 29, 2020, Dodge-Roat filed an underlying second amended complaint adding MG2a, LLC, d/b/a M Gingerich Gereaux & Associates, and M Gingerich Gereaux & Associates, as defendants. Westfield contemporaneously files a copy of the underlying second amended complaint as (Dkt. 1-4).

4

25. The factual allegations against Curwick Construction in the underlying second amended complaint mirror the allegations against Curwick Construction in the original underlying complaint. (Dkt. 1-4).

26. The factual allegations against Curwick IX in the underlying second amended complaint mirror the allegations against Curwick IX in the original underlying complaint. (Dkt. 1-4).

27. On February 18, 2022, Dodge-Roat filed an underlying third amended complaint adding Dave Bodie, d/b/a Bodie Electric, and Steve Spiess Construction, Inc. as defendants. Westfield contemporaneously files a copy of the underlying third amended complaint as (Dkt. 1-5).

28. The factual allegations against Curwick Construction in the underlying third amended complaint mirror the allegations against Curwick Construction in the original underlying complaint. (Dkt. 1-5).

### IV. NOTICE OF THE UNDERLYING ACCIDENT AND LAWSUIT

29. Westfield first received notice of the Dodge-Roat accident on February 8, 2023.

30. Westfield first received notice of the Dodge-Roat lawsuit on February 8, 2023.

### V. THE WESTFIELD COMMERCIAL PACKAGE POLICY

31. Westfield issued a commercial package policy to Curwick Holdings, LLC, policy number BSP 7441842, effective February 21, 2018 to February 21, 2019. Westfield contemporaneously files a copy of the commercial package policy BSP 7441842 as (Dkt. 1-6).

32. The amended common policy declarations of the Westfield policy state that "Named Insured is: Limited Liab. Co." (Dkt. 1-6 at 246).

33. The amended common policy declarations further states "Business: Building Owner." (Dkt. 1-6 at 246).

34. The amended common policy declarations identify location "005" as "Bldg 001," Eagles Landing Draper Model, 444 Eagles Landing Drive Lot 115, Manteo, Illinois. (Dkt. 1-6 at 246).

35. The amended common policy declarations states that it adds classification code 46362, Model Homes, 444 Eagles Landing Drive Lot 115. (Dkt. 1-6 at 246).

36. The commercial general liability declarations read in part: "Location Of All Premises Owned By, Rented To Or Controlled By The Named Insured Are The Same As The Mailing Address Of The Policy Declarations Unless Otherwise Indicated." (Dkt. 1-6 at 89).

37. The commercial general liability declarations identify the mailing address of the named insured as 600 N Main Street, Manteo, Illinois 60950. (Dkt. 1-6 at 89).

38. The commercial general liability declarations have the classification code 47051, "Real Estate Development Property," for the Eagles Landing Subdivision, Manteo, Illinois. (Dkt. 1-6 at 89).

39. A section titled "Additional Insureds" of the commercial general liability declarations identifies Homestar Bank and Financial Services with respect to the location Eagles Landing Subdivision, Manteo, Illinois. (Dkt. 1-6 at 91).

40. The Insuring Agreement of "Coverage A – Bodily Injury and Property Damage Liability" of the Commercial General Liability Form provides in part:

> Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. * * *
>
> **SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" of "property damage" to which this insurance does not apply. ***

(Dkt. 1-6 at 93).

41. Section II, titled "Who Is An Insured," reads in part:

    **1.** If you are designated in the Declarations as: * * *

    a. A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers. * * *

(Dkt. 1-6 at 101).

42. Section II, titled "Who Is An Insured," further reads in part:

    **2.** Each of the following is also an insured:
    a. Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company)

(Dkt. 1-6 at 102).

43. Section II, titled "Who Is An Insured," further reads in part: "Any organization you newly acquire or form, other than a partnership, joint venture or limited liability company, and over which you maintain ownership or majority interest, will qualify as a Named Insured if there is no other similar insurance available to that organization." (Dkt. 1-6 at 102).

44. Condition 2 of Section IV of the Commercial General Liability Form of

Westfield's policy reads in part:

### Duties In The Event Of Occurrence, Offense, Claim Or Suit

    **a.** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

        **(1)** How, when and where the "occurrence" or offense took place;

        **(2)** The names and addresses of any injured persons or witnesses; and

        **(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.

    **b.** If a claim is made or "suit" is brought against any insured, you must:

        **(1)** Immediately record the specifics of the claim or "suit" and the date received; and

        **(2)** Notify us as soon as practicable.

        You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

    **c.** You and any other insured must:

        **(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit;"

        **(2)** Authorize us to obtain records and other information;

        **(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

        **(4)** Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

    **d.** No insured will, except at the insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense,

> other than for first aid, without our consent.

(Dkt. 1-6 at 103).

45. Section V of the Commercial General Liability Coverage Form, titled "Definitions," reads in part:

> **13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
>
> \* \* \*
>
> **18.** "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. \* \* \*

(Dkt. 1-6 at 107-108).

46. The general liability coverage part of the Westfield policy includes endorsement CG 20 05 04 13, titled "Additional Insured – Controlling Interest." (Dkt. 1-6 at 125).

47. There is no information in the Schedule to endorsement CG 20 05 04 13 or in the Declarations that identifies Curwick Construction Company by name. (Dkt. 1-6 at 125).

48. There is no information in the Schedule to endorsement CG 20 05 04 13 or in the Declarations that identifies Curwick IX by name. (Dkt. 1-6 at 125).

49. The general liability coverage part of the Westfield policy includes endorsement CG 20 11 04 13, titled "Additional Insured – Managers or Lessors of Premises." (Dkt. 1-6 at 126).

50. There is no information in the Schedule to endorsement CG 20 11 04 13 or in the Declarations that identifies Curwick Construction Company by name. (Dkt. 1-6 at 126).

51. There is no information in the Schedule to endorsement CG 20 11 04 13 or in the Declarations that identifies Curwick Construction Company by name. (Dkt. 1-6 at 126).

52. The general liability coverage part of the Westfield policy includes endorsement CG 20 24 04 13, titled "Additional Insured – Owners or Other Interests From Whom Land Has Been

Leased." (Dkt. 1-6 at 131).

53. There is no information in the Schedule to endorsement CG 20 24 04 13 or in the Declarations that identifies Curwick Construction Company by name. (Dkt. 1-6 at 131).

54. There is no information in the Schedule to endorsement CG 20 24 04 13 or in the Declarations that identifies Curwick IX by name. (Dkt. 1-6 at 131).

55. The general liability coverage part of the Westfield policy includes endorsement CG 20 27 04 13, titled "Additional Insured – Co-Owners of Insured Premises." (Dkt. 1-6 at 132).

56. There is no information in the Schedule to endorsement CG 20 27 04 13 or in the Declarations that identifies Curwick Construction Company by name or any premises. (Dkt. 1-6 at 132).

57. There is no information in the Schedule to endorsement CG 20 27 04 13 or in the Declarations that identifies Curwick IX by name or any premises. (Dkt. 1-6 at 132).

58. Condition 4 of the commercial general liability coverage form reads in part:

> If other valid and collectible insurance is available to the insured for a loss we cover under Coverage A or B of this Coverage Part, our obligations are limited as follows:
>
> **a. Primary insurance**
>
> > This insurance is primary except when Paragraph **b.** below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in Paragraph **c.** below.
>
> **b. Excess Insurance**
>
> > i. This insurance is excess over:
> > **(a)** Any of the other insurance, whether primary, excess, contingent, or on any other

>> basis:
>
>> **(i)** That is Fire, Extended Coverage, Builder's Risk, Installation Risk, or similar coverage for "your work;"
>
>> **(ii)** That is Fire insurance for premises rented to you or temporarily occupied by you with permission of the owner; or
>
>> **(iii)** That is insurance purchased by you to cover your liability as a tenant for "property damage" to premises rented to you or temporarily occupied by you with permission of the owner; or
>
>> **(iv)** If the loss arises out of the maintenance or use of aircraft, "autos," or watercraft to the extent not subject to Exclusion g. of Section I – Coverage A – Bodily Injury and Property Damage Liability.
>
>> **(b)** Any other primary insurance available to you covering liability for damages arising out of the premises or operations, or products and completed operations for which you have been added as an additional insured.
>
>> \*  \*  \*
>
> **(4)** We will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.

(Dkt. 1-6 at 104).

    59.    The commercial liability umbrella declarations the policy limits as $2 Million each occurrence and $2 Million in the aggregate. (Dkt. 1-6 at 215).

    60.    The umbrella liability coverage part reads in part:

> Throughout this policy the words "you" and "your" refer to the Named

11

> Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. * * *

(Dkt. 1-6 at 216).

61. Section IV, titled "Conditions," of the Umbrella liability coverage form reads in part:

> **3. Duties In The Event Of Occurrence, Offense, Claim Or Suit**
> **a.** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense, regardless of the amount, which may result in a claim. To the extent possible, notice should include:
> **(1)** How, when and where the "occurrence" or offense took place;
> **(2)** The names and addresses of any injured persons and witnesses; and
> **(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.
> **b.** If a claim is made or "suit" is brought against any insured, you must:
> **(1)** Immediately record the specifics of the claim or "suit" and the date received; and
> **(2)** Notify us as soon as practicable.
> You must see to it that we receive written notice of the claim or "suit" as soon as practicable.
> **c.** You and any other involved insured must:
> **(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";
> **(2)** Authorize us to obtain records and other information;
> **(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and
> **(4)** Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.
> **d.** No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without or consent.

(Dkt. 1-6 at 228).

62. Condition 5 of the umbrella liability coverage form reads in part:

> This insurance is excess over, and shall not contribute with any of the other insurance, whether primary, excess, contingent or on any other basis. This condition will not apply to insurance specifically written as excess over this Coverage Part.

12

(Dkt. 1-6 at 229).

VI. BASIS FOR RELIEF

COUNT I: NO DUTY TO DEFEND

1-62. Westfield adopts paragraphs 1 through 62 of the general allegations as paragraphs 1 through 62 of Count I.

63. Westfield owes no duty to defend Curwick Construction Company and Curwick IX under the commercial package policy that Westfield issued to Curwick Holdings, LLC for one or more of the following reasons:

a) Without prejudice to any of Westfield's denials, Curwick Construction's and Curwick IX's delay in excess of forty (40) months in providing notice of Dodge-Roat's accident was unreasonable as a matter of law;

b) Without prejudice to any of Westfield's denials, Curwick Construction's and Curwick IX's delay in excess of forty (40) months in providing notice of Dodge-Roat's lawsuit was unreasonable as a matter of law;

c) Neither Curwick Construction nor Curwick IX has insured status under the CGL or the umbrella;

d) The commercial package policy does not identify the corporation Curwick Construction or the limited liability company Curwick IX as a named insured;

e) Neither Curwick Construction nor Curwick IX have established that, as of the date of the alleged January 16, 2019 accident, Curwick Construction or Curwick IX held any membership interest certificate in Curwick Holdings and that Curwick Construction's or Curwick IX's liability to Dodge-Roat is with respect to the conduct of Curwick Holdings' business of "Building Owner;"

f) Neither Curwick Construction nor Curwick IX have established that, as of the date of the alleged January 16, 2019 accident, Curwick Construction or Curwick IX was Curwick Holdings' employee or volunteer worker and that Curwick Construction or Curwick IX was performing duties related to the conduct of Curwick Holdings' business of "Building Owner;"

g) As of the date of the alleged January 16, 2019 accident, Curwick

      Construction was not a newly acquired organization;

h) Neither Curwick construction nor Curwick IX has established the conditions for additional insured status under any of the additional insured endorsements;

i) Neither Curwick Construction Company nor Curwick IX has established the conditions for additional insured coverage under any of the additional insured endorsements;

j) Without prejudice to any of Westfield's denials, even if hypothetically, Curwick Construction or Curwick IX met all of the conditions for coverage under the CGL, condition 4 of the CGL would apply to make the Westfield policy excess;

k) Without prejudice to any of Westfield's denials, even if hypothetically, Curwick Construction or Curwick IX met all of the conditions for coverage under the umbrella liability coverage part, condition 5 of the umbrella would apply to make the Westfield policy excess; and

l) There may be other bases for denying coverage and Westfield reserves the right to plead them in the future.

WHEREFORE, Plaintiff, Westfield Insurance Company prays for a judgment declaring that Westfield Insurance Company owes no duty to indemnify Curwick Construction Company, an Illinois corporation, and Curwick IX, LLC, against the *Dodge-Roat* lawsuit, 2019 L 004501 (Cook County, IL).

### COUNT II: NO DUTY TO INDEMNIFY

1-62. Old Guard adopts paragraphs 1 through 62 of the general allegations as paragraphs 1 through 62 of Count II.

63. Westfield owes no duty to indemnify Curwick Construction or Curwick IX under the commercial package policy that Westfield issued to Curwick Holdings, LLC for one or more of the following reasons:

a) Where there is no duty to defend, there can be no duty to indemnify;

b) There can be no duty to indemnify prior to entry of a final judgment against

14

    Curwick Construction and Curwick IX;

c) For substantially the same reasons that no duty to defend exists, Curwick Construction and Curwick IX cannot meet the burden of establishing that a duty to indemnify exists; and

d) There may be other bases for denying coverage and Westfield reserves the right to plead them in the future.

WHEREFORE, Plaintiff, Westfield Insurance Company prays for a judgment declaring that Westfield Insurance Company owes no duty to indemnify Curwick Construction Company, an Illinois corporation, and Curwick IX, LLC, against the *Dodge-Roat* lawsuit, 2019 L 004501 (Cook County, IL).

| | |
|---|---|
| ESP KREUZER CORES LLP<br>400 S. County Farm Road, Suite 200<br>Wheaton, Illinois 60187<br>(630) 871-1002; ARDC #6274517; our file 1.10333K<br>jbarger@ekclawfirm.com | RESPECTFULLY SUBMITTED,<br><br>_/s/ Jeffrey S. Barger_<br>Jeffrey S. Barger |